UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00374-CJC(FMOx)            Date: January 18, 2011

Title: <u>JASON MAITLAND v. MARRIOTT INTERNATIONAL, INC.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS** [filed 11/22/10]

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for January 24, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction & Background**

       Before the Court is Defendant Marriott International, Inc.'s ("Marriott") motion to dismiss Mr. Maitland's class allegations contained in his Second Amended Complaint ("SAC"). Mr. Maitland's SAC alleges that Marriott failed to pay overtime compensation and provide meal and rest periods to a putative class of California Chef Employees. Although Marriott concedes that Mr. Maitland's SAC contains sufficient factual allegations "to assert an individual claim," Marriott argues that Mr. Maitland's class allegations are insufficient to "demonstrate[] that this action may properly proceed on a class-wide basis." Mem. P. & A. Supp. Mot. at 2; Reply at 1. In particular, Marriott takes issue with Mr. Maitland's class allegations based upon "vague allegations of unnamed and unspecified" policies and procedures, Marriott locations throughout California where Mr. Maitland did not work, and jobs that Mr. Maitland did not himself hold including "Banquet Chef" and "Chef." *Id.* at 2–3; Reply at 2. For the reasons

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00374-CJC(FMOx)            Date: January 18, 2010
                                                                                                                            Page 2

explained below, Marriott's motion to dismiss Mr. Maitland's class allegations is DENIED.

**Analysis**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Marriott primarily contends that Mr. Maitland's class allegations are based on conclusions rather than facts. Marriott further asserts that Mr. Maitland, who was a Sous Chef and Senior Sous Chef at a San Diego Marriott location, lacks basis for many of his class allegations because his experience cannot be extrapolated to reach employees (1) with different job titles and (2) working at different Marriott locations. Mem. P. & A. Supp. Mot. at 5.

The Court disagrees. Mr. Maitland alleges that he worked for Marriott as a Sous Chef and Senior Sous Chef from September 2006 until March 2008. His class allegations do contain factual support, even though that factual support is often phrased in general terms so that it covers the entire class. In particular, the following class allegations contained in Mr. Maitland's SAC plausibly entitle Mr. Maitland's proposed class to relief: (1) restaurants in Marriott hotels are operated pursuant to standardized policies and procedures, SAC ¶ 2; (2) food preparers that hold titles including "Sous Chef," "Senior Sous Chef," "Banquet Chef," and "Chef," perform essentially the same tasks and prepare

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00374-CJC(FMOx)   Date: January 18, 2010
   Page 3

food according to standardized procedures, recipes, and guidelines, *id.* ¶¶ 3–4; (3) core job duties do not vary by Marriott location, *id.* ¶ 4; (4) Marriott has a policy of classifying these employees as "exempt" from receiving overtime, *id.* ¶¶ 3–4; (5) these employees follow a work schedule set by Marriott that generally entails arriving at work between 8:00 a.m. and 9:00 a.m. and finishing work between 10:00 p.m. and 11:00 p.m. on weekdays and working between 11:00 a.m. and 11:00 p.m. on weekends, *id.* ¶ 9; (6) because these employees generally work five or six days per week, these employees "regularly work at least twenty (20) hours of overtime each workweek," *id.* ¶ 9; and (7) these employees "were not provided with overtime compensation and other benefits required by law as a result of being classified as 'exempt'" by Marriott, *id.* ¶ 11.

Moreover, the merits of class allegations are generally evaluated when one of the parties brings a motion for class certification or to deny class certification. *See In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Indeed, "the granting of motions to dismiss class allegations before discovery has commenced is rare." *Id.* at 615. The better course of action is to deny such a motion because of the importance of discovery to the evolution of a class action. *Id.*; *see also Campion v. Old Republic Home Prot. Co.*, No. 09–CV–748, 2010 WL 2724278, at *3 (S.D. Cal. July 7, 2010) (distinguishing *In re Wal-Mart Stores* where "no amount of discovery" could establish that a portion of proposed class members had suffered injury under Article III).

Here, Marriott has not yet filed an answer to Mr. Maitland's SAC, the parties have conducted limited discovery, and a motion for class certification has not been filed. Based on this procedural posture, the Court agrees with Mr. Maitland that dismissal of the SAC's class allegations would be premature at this time. *See In re Wal-Mart Stores*, 505 F. Supp. 2d at 615–16. Accordingly, the Court DENIES Marriott's current motion to dismiss Mr. Maitland's class allegations "without prejudice as to [Marriott]'s ability to move to strike or dismiss the class allegations if and when class certification is sought." *Id.* at 616.

**Conclusion**

For the foregoing reasons, Marriott's motion to dismiss Mr. Maitland's class

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-00374-CJC(FMOx)                    Date: January 18, 2010
                                                    Page 4

allegations is hereby DENIED.

tlh

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU